UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Brett Wiseman

Attorneys Present for Defendants:
David Flader
Hanif Hirji
Erica Sunman

Proceedings: DEFENDANTS AVALON LODGING, LLC AND BIPIN MORARI'S MOTION FOR JUDGMENT ON THE PLEADINGS OR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(C) & (H)(2)(B) (Dkt. 70, filed on FEBRUARY 23, 2024)

## I. INTRODUCTION

On July 16, 2020, plaintiff nKlosures, Inc. Architects fka nKlosures, Inc. ("nKlosures") filed an action against defendants Avalon Lodging, LLC ("Avalon"), Best Western International, Inc., Bipin Morari ("Morari"), W&W Land Design Consultants, Inc. ("W&W"), Winston Liu, P.E. ("Liu"), Tom Lau, AIA ("Lau"), and Does 1 through 20, inclusive, in Los Angeles Superior Court ("L.A.S.C." or "Superior Court"). Dkt. 71-2. On March 24, 2022, nKlosures voluntarily dismissed the action without prejudice. Dkt. 71-9.

On March 25, 2022, nKlosures filed this action against defendants Avalon, Morari, W&W, Liu, Lau, and Does 1 through 10, in federal court. Dkt. 1.

On August 29, 2022, nKlosures filed a first amended complaint (the "FAC"). Dkt. 39. nKlosures asserts three claims for relief against all defendants: (1) copyright infringement pursuant to 17 U.S.C. § 501; (2) breach of contract; and (3) unfair business practices pursuant to California Business & Professions Code § 17200 ("UCL"). <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

On September 8, 2022, Avalon and Morari filed a motion to dismiss the FAC. Dkt. 41. On November 17, 2022, the Honorable Ronald S.W. Lew, United States District Judge, granted in part and denied in part Avalon and Morari's motion to dismiss, and dismissed nKlosures' UCL claim without leave to amend.[1] Dkt. 51.

On February 23, 2024, Avalon and Morari filed a motion for judgment on the pleadings or partial judgment on the pleadings under Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B). Dkt. 70. That same day, Avalon and Morari filed a request for judicial notice in support of their motion.[2] Dkt. 71. On March 4, 2024, nKlosures filed an opposition to Avalon and Morari's motion. Dkt. 72. On March 8, 2024, Avalon and Morari filed a reply in support of their motion.[3] Dkt. 73.

On March 25, 2024, the Court held a hearing on Avalon and Morari's motion for judgment on the pleadings or partial judgment on the pleadings. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] This case was randomly reassigned to this Court on June 8, 2023, following Judge Lew's death. Dkt. 62.

[2] Avalon and Morari request that the Court take judicial notice of ten exhibits. Dkt. 71. These include: (1) nKlosures' January 13, 2022 Copyright Registration; (2) nKlosures' initial state-court complaint, in Case No. 20BBCV00441 (L.A.S.C.); (3) September 3, 2021 Order in Case No. 20BBCV00441 (L.A.S.C.); (4) nKlosures' First Amended Complaint in Case No. 20BBCV00441 (L.A.S.C.); (5) L.A.S.C. December 16, 2021 Order in Case No. 20BBCV00441 (L.A.S.C.); (6) nKlosures' Second Amended Complaint in Case No. 20BBCV00441 (L.A.S.C.); (7) the demurrer Avalon filed in connection with the SAC and related Request for Judicial Notice; (8) L.A.S.C. March 23, 2022 tentative ruling on Avalon's demurrer to the SAC in Case No. 20BBCV00441 (L.A.S.C.); (9) nKlosures' voluntary dismissal of action in Case No. 20BBCV00411 (L.A.S.C.); and (10) Judge Ronald S.W. Lew's November 17, 2022 Order denying in part and granting in part Avalon's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Id. The Court finds that judicial notice of these exhibits is appropriate pursuant to Federal Rule of Evidence 201.

[3] Avalon and Morari attach to their reply a proposal sent by nKlosures and assert that the Court may judicially notice it because it is referenced in the FAC. Dkt. 73 at 11; dkt. 73-1, exh. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

## II.   BACKGROUND

On or around May 25, 2014, nKlosures, which is a licensed architectural firm, entered into a contract with Thakor Patel to provide architectural design services for a new hotel (the "Project") and provide four phases of work: (1) initial studies; (2) site planning and preliminary design; (3) final conceptual design; and (4) consulting services. FAC ¶ 12.  Pursuant to the contract, nKlosures was "the sole author, owner, and copyright holder of all architectural plans" that it provided to Patel for the Project and would be retained by Patel to serve as the Design Architect and the Architect of Record for the Project once the Planning Department Approvals for the Hotel Project proposed on the Property were received.  Id.  nKlosures timely performed pursuant to the contract and stamped all of its designs and drawings for the Project with the following language:

> No copies, transmission, reproductions or electronic manipulations of any portion of these drawings in whole or in part are to be made without the express written permission from [nKlosures].  All content in these drawings (including concepts, designs, imagery, graphics and logo) are the property of [nKlosures].

Id. ¶ 13.  On or around June 5, 2015, nKlosures learned that Patel was selling the Project to Avalon and Bipin Morari, Avalon's principal.  Id. ¶¶ 5, 14.  Nikhil Kamat, nKlosures' principal, called Morari and explained that nKlosures was the Architect of Record for the Project, had obtained all approvals for the Project, and could continue its work on the Project.  Id. ¶ 15.  Morari asked for a proposal for nKlosures' continuing to work on the Project.  Id.  "Kamat made it clear that unless [Morari] agreed to use [nKlosures] as the architect on the Project, [Morari] could not use the architectural drawings and plans."  Id.  Morari knew that nKlosures was disclosing its architectural drawings and plans on the condition that they could not be used without paying nKlosures and using nKlosures as the Project's architect.  Id.

On June 26, 2015, Kamat emailed Morari with the proposal for the next stage of development, which included: (1) design development; (2) architectural construction documents; (3) agency review and bidding; and (4) construction phase services.  Id. ¶ 17. It also included proposals for other services for the Project and a cost estimate ($90,000 for nKlosures' services plus $200/hour for additional services).  Id.  Kamat further indicated in the proposal that nKlosures was the sole owner and copyright holder of all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

its architectural drawings and plans and that it would grant Avalon and Morari a license to use them for the Project upon execution of the contract. Id. Morari had several phone calls with Kamat regarding the proposal on June 26 and June 27, 2015, and ultimately accepted the proposal knowing that if he used the architectural drawings and plans, he would have to pay for them and use nKlosures as the architect. Id. ¶ 18. However, Morari "abruptly cut off all contact" with Kamat. Id. Because he had not heard anything for several weeks and Morari further did not respond to his July 14, 2015 email, Kamat "inferred that [Morari] was not interested in using [nKlosures'] architectural drawings and plans and was not interested in having [nKlosures] perform the work." Id. ¶ 19.

nKlosures did not know that its drawings and plans were included in a Power Point presentation that apparently had been used to market the property. Id. ¶ 20. On or around June 22, 2020, Kamat "saw an advertisement for sale of a hotel since constructed on the property" and learned that Morari and Avalon had hired W&W, Liu, and Lau as consultants on the Project. Id. ¶ 21. Even though Morari had agreed not to do so unless nKlosures was retained as the architect, Morari, Avalon, W&W, Liu, and Lau used nKlosures' preliminary schematic level design and drawings, which nKlosures had provided to Patel. Id. "The drawings and design ostensibly created by W&W, [Liu], and [Lau] were almost exactly the same as the plans and designs which were created by [nKlosures]." The use of nKlosures' plans and drawings without its permission or knowledge or the license to do so caused it a loss of substantial revenue. Id. ¶ 23.

On or around January 18, 2022, nKlosures received confirmation that its January 13, 2022 Copyright Application was accepted by the United States Copyright Office and that its "plans and drawings for the Burbank Hotel were granted Copyright Registration Certificate No. VA 2-282-647." Id. ¶¶ 24-25.

### III. LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

### IV.   DISCUSSION

   **A.   Alter Ego Liability**

Avalon and Morari argue that nKlosures has failed to allege alter ego liability to disregard Avalon's corporate form and pierce the corporate veil to hold Morari liable. Dkt. 70 at 16-17. According to Avalon and Morari, "there are no allegations to support that Morari was the 'guiding spirit' behind the alleged copyright violations" to find him personally liable for the corporation's wrongful conduct. Id. at 17.

In opposition, nKlosures asserts that it alleges direct liability against Morari, not alter ego liability. Dkt. 72 at 4. nKlosures alleges that it addressed the contract draft directly to Morari, who was "the person who made all of the representations, received the contract, and personally acted in violation thereof." Id.

In reply, Avalon and Morari argue that Avalon's corporate form requires that it be pierced before Morari can be held personally liable. Dkt. 73 at 8. According to Avalon and Morari, nKlosures admits it had a limited number of exchanges with Morari and thus cannot allege that Morari "committed the requisite egregious acts that . . . would permit piercing Avalon's corporate veil." Id. at 10. Further, Avalon and Morari contend that nKlosures addressed the June 26, 2015 proposal to Patel, rather than Morari. Id.

It appears that nKlosures does not seek to invoke the alter ego doctrine in this action but rather asserts claims against Morari based on his alleged conduct. The Court finds that nKlosures has sufficiently alleged direct liability against Morari in the FAC. Accordingly, the Court **DENIES** Avalon and Morari's motion for judgment on the pleadings as to claims against Morari.

   **B.   Claim for Copyright Infringement**

Avalon and Morari argue that a plaintiff is not entitled to an award of attorneys' fees or statutory damages for a copyright infringement claim unless "registration is made within three months after the first publication of the work." Dkt. 70 at 15; 17 U.S.C. § 412(2). Although nKlosures does not allege when the first publication of its drawings and plans occurred, Avalon and Morari assert that it had to occur on or before June 22, 2020, when Kamat alleges he first became aware of the hotel's existence. Dkt. 70 at 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

Thus, Avalon and Morari contend that nKlosures is not entitled to statutory damages or attorneys' fees because it filed for registration in January 2022, which was over fifteen months late. Id.

In addition, Avalon and Morari argue that nKlosures does not allege that the works are original or which portions of the work were infringed, which is particularly critical here because "only 'an architect's original combination or arrangement of such elements may' receive copyright protection" and not standard features or elements themselves. Id. at 21 (quoting Thomson v. HMC Group, 2015 WL 11256775, at *10 (C.D. Cal., Oct. 29, 2015) (citation omitted)). Avalon and Morari further argue that nKlosures does not allege any overt acts by them and instead "only offers conclusory allegations that do not allege by whom or how its plans/drawings were copied and infringed upon." Dkt. 70 at 22-23. Moreover, they contend that nKlosures only asserts legal conclusions to hold them vicariously liable for the acts of W&W, Liu, and Lau but does not allege any direct financial benefit to them from the infringement. Id. at 24-25. According to Avalon and Morari, they would not be able to meaningfully use nKlosures' plans/drawings since they are not architects, and nKlosures fails to allege that they knew that anyone would infringe on nKlosures' plans, that they had any role in the alleged use of the plans to help W&W with the Project, or that they had "any direct involvement in infringing activity." Id. at 25. Finally, they assert that mere ownership of the land by Avalon "does not mean that Avalon had any right to control the way W&W performed its work on the Project." Id.

In opposition, nKlosures asserts that "[t]he prevailing position of the courts is that a motion for judgment on the pleadings may not be granted on an issue so granular that it disposes of less than a complete cause of action." Dkt. 72 at 3. However, nKlosures concedes that if Avalon and Morari have correctly described the timeline, it is likely not entitled to statutory damages and would thus not pursue such damages at trial. Id. at 4.

nKlosures further argues that it adequately pled its copyright infringement claim, which does not need to be pled with particularity, by alleging ownership, registration, and infringement. Id. at 7. According to nKlosures, while it appears that Avalon and Morari may be challenging the originality of the copyrighted work, they do not identify any particular portion as "lacking sufficient originality," and "originality is presumed in light of the registration." Id. at 8. To the extent Avalon and Morari contend that nKlosures has not alleged infringement, nKlosures argues that it has sufficiently alleged that Avalon and Morari possessed nKlosures' design documents, submitted copies of the documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

to the City for approval, used the documents to market the building, and "*built the building according to those plans.*" Id. (emphasis in original).

In reply, Avalon and Morari assert that "the 'appropriate' thing to do, given [nKlosures'] concession that it cannot get a statutory award of damages or attorneys' fees [] would be to dismiss those remedies from the case lest it become a barrier to subsequent settlement efforts." Dkt. 73 at 7. Further, they argue that nKlosures has failed to allege with "at least some degree of particularity overt acts" that they engaged in to support nKlosures' copyright infringement claim. Id. at 15 (citation and emphasis omitted).

nKlosures concedes that failing to register the copyright within three months of the first publication of the work prevents it from obtaining statutory damages and attorneys' fees. See Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co., 747 F.3d 673, 678 (9th Cir. 2014) ("Registration prior to infringement or, if the work is published, within three months of publication, is necessary for an owner to obtain statutory damages and attorneys' fees."). Because nKlosures is not entitled to these damages, the Court grants Avalon and Morari's motion for judgment on the pleadings as to statutory damages and attorneys' fees.

However, the Court finds that nKlosures has otherwise adequately pled its claim for copyright infringement at this stage by alleging its ownership of the drawings and plans, its registration of the copyright, and the infringement by Avalon and Morari. See Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) ("As courts have noted . . . complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules."). Thus, the Court denies the remainder of Avalon and Morari's motion regarding the copyright infringement claim. Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Avalon and Morari's motion for judgment on the pleadings as to nKlosures' copyright infringement claim.

### C. Claim for Breach of Contract

First, Avalon and Morari argue that nKlosures concedes that it only sent a "proposal" to Morari and thus has not alleged the acceptance of an implied-in-fact contract. Dkt. 70 at 18. Second, they argue that *res judicata* precludes the breach of contract claim because nKlosures' "state-court claim for false promise was based on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

same facts and involved the same primary right as its claim of breach of implied-in-fact contract in the Federal FAC." Id. at 18-19.

In opposition, nKlosures asserts that its dismissal of the state court action without prejudice does not constitute a final judgment. Dkt. 72 at 5. It also contends that a demurrer ruling that does not grant leave to amend, such as the tentative ruling on nKlosures' false promise claim in Superior Court, is not determinative of whether *res judicata* bars the claim. Id. at 5-6. Moreover, nKlosures asserts that the Superior Court found that nKlosures' false promise claim failed because it did not allege a promise, which "has nothing to do with the nature of the cause of action filed here." Id. at 6. Further, it argues that a breach of contract claim does not involve the same conduct or the same relief as a fraud/false promise claim that "seeks to avoid the contract rather than to enforce it." Id. (citation omitted). Thus, nKlosures asserts that enforcing the contract is not the same primary right as preventing the functional theft of its plans. Id. at 5-6.

In reply, Avalon and Morari assert that the dismissed false promise claim and voluntary dismissal of the state court action are final judgments. Dkt. 73 at 11. They argue that nKlosures, "whether it calls its cause of action a 'false promise' or a breach of implied-in-fact-contract, *is litigating over the same primary right*, the right to not have its plans/drawings copied or used without its permission or payment." Id. at 13 (emphasis in original). Avalon and Morari contend that nKlosures is asserting a false promise claim based on their alleged agreement to accept nKlosures' drawings/plans and promise to pay for the drawings/plans if Avalon and Morari used them. Id. Finally, they argue that nKlosures never disclosed the drawings/plans as consideration to support its implied contract claim. Id.

*Res judicata* applies when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010) (internal quotation marks omitted).

It appears that in the March 23, 2022 tentative ruling regarding Avalon and Morari's demurrer, the Superior Court sustained the demurrer as to three causes of action with leave to amend. See dkt. 71-8. Thus, even though the Superior Court sustained the demurrer as to nKlosures' false promises claim without leave to amend, nKlosures still had the opportunity at that point to cure its other claims and continue litigating the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | March 25, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

See Boyd v. Freeman, 18 Cal. App. 5th 847, 856 (2017). Moreover, "[i]f . . . new or additional facts are alleged that cure the defects in the original pleading, it is settled that the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint." Id. at 859 (citation omitted). On March 24, 2022, nKlosures voluntarily dismissed the state court action without prejudice. See dkt. 71-9. The Court does not find that either the tentative ruling on the demurrer in state court or nKlosures' voluntary dismissal of the state court action constitutes a final judgment on the merits that gives rise to *res judicata*. nKlosures has also sufficiently pled an implied-in-fact contract claim in the FAC. Accordingly, the Court **DENIES** Avalon and Morari's motion for judgment on the pleadings as to nKlosures' breach of contract claim.

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Avalon and Morari's motion for judgment on the pleadings as to claims against Morari and as to nKlosures' breach of contract claim. The Court **GRANTS IN PART and DENIES IN PART** the motion as to nKlosures' copyright infringement claim.

IT IS SO ORDERED.

|  | 00 : 31 |
|---|---|
| Initials of Preparer | CMJ |