UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 90, filed on July 22, 2024)

## I.    INTRODUCTION

Presently before the Court is plaintiff's motion for partial summary judgment. Dkt. 90.  The Court finds this motion appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the matter is hereby taken under submission, and the August 19, 2024 hearing date is vacated.

On July 16, 2020, plaintiff nKlosures, Inc. Architects fka nKlosures, Inc. ("nKlosures") filed an action against defendants Avalon Lodging, LLC ("Avalon"), Best Western International, Inc., Bipin Morari ("Morari"), W&W Land Design Consultants, Inc. ("W&W"), Winston Liu, P.E. ("Liu"), Tom Lau, AIA ("Lau") (collectively, "defendants"), and Does 1 through 20, inclusive, in Los Angeles Superior Court ("L.A.S.C." or "Superior Court").  Dkt. 71-2.  On March 24, 2022, plaintiff voluntarily dismissed the action without prejudice.  Dkt. 71-9.

On March 25, 2022, plaintiff filed the instant action against defendants Avalon, Morari, W&W, Liu, Lau, and Does 1 through 10, in federal court.  Dkt. 1.

On August 29, 2022, plaintiff filed a first amended complaint (the "FAC"). Dkt. 39.  nKlosures asserted three claims for relief against all defendants: (1) copyright infringement pursuant to 17 U.S.C. § 501; (2) breach of contract; and (3) unfair business practices pursuant to California Business & Professions Code § 17200 ("UCL").  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

On September 8, 2022, Avalon and Morari filed a motion to dismiss the FAC. Dkt. 41. On November 17, 2022, the Honorable Ronald S.W. Lew, United States District Judge, granted in part and denied in part Avalon and Morari's motion to dismiss and dismissed nKlosures' UCL claim without leave to amend.[1] Dkt. 51.

On February 23, 2024, Avalon and Morari filed a motion for judgment on the pleadings or partial judgment on the pleadings under Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B). Dkt. 70. On March 25, 2024, the Court dismissed plaintiff's request for statutory damages and attorneys' fees in connection with its copyright infringement claim but denied the motion for judgment on the pleadings in all other respects. Dkt. 75.

On May 6, 2024, the parties stipulated to dismiss plaintiff's cause of action for breach of contract and to dismiss defendant Morari from the action. Dkts. 76, 77. Thus, plaintiff's sole remaining claim is for copyright infringement against defendants Avalon, W&W, Liu, Lau, and Does 1 through 10.

On July 8, 2024, Avalon filed a motion for summary judgment. Dkt. 78. On July 22, 2024, W&W, Lau, and Liu filed a joinder to Avalon's motion for summary judgment. Dkt. 95.

On July 22, 2024, plaintiff filed the instant motion for partial summary judgment. Dkt. 93 ("Mot."). It concurrently filed a statement of undisputed facts. Dkt. 93-1. On July 29, 2024, Avalon filed an opposition. Dkt. 98. W&W, Lau, and Liu also filed an opposition. Dkt. 102. Defendants concurrently filed a joint statement of genuine disputes. Dkt. 99. On August 5, 2024, plaintiff filed a reply. Dkt. 105 ("Reply").

On the same day, the Court denied Avalon's motion for summary judgment. Dkt. 104.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] On June 8, 2023, this case was reassigned to this Court following the passing of Judge Lew. Dkt. 62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

## II.  BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[2]

### A.  The Agreement

On or about May 25, 2014, plaintiff nKlosures, through its principal Nikhil Kamat, entered into a contract (the "Agreement") with Thakor Patel ("Thakor") to provide architectural design services for a new hotel to be built at 11135 and 11139-11145 W. Burbank Blvd. in Los Angeles, California (the "Project"). Dkt. 88 ¶ 1; dkt. 99 ¶¶ 1-2. Thakor hired plaintiff to perform four phases of work for the Project: (1) initial studies; (2) site planning and preliminary design; (3) final conceptual design; and (4) consulting services. Dkt. 80-1 ("Agreement") at 2.

The Agreement provides that:

> nKLOSURES is, at all times, the author, owner and copyright holder of all drawings, models, specifications, and other documents, including those in electronic form, prepared by nKLOSURES for this Project (collectively "Design Materials"), which are Instruments of nKLOSURES' services.  nKLOSURES grants the Owner a license to use the Design Materials for the limited purpose of this Project only.  nKLOSURES may elect, if it does not receive full and timely payment of its invoices, to terminate this Agreement and/or revoke the Owner's license to use the Design Materials until payment is made in full to nKLOSURES.

Id. at 5.  The Agreement further provides that:

> The Scope of Work for the future phase of the project is not included as part of this Agreement and is dependent upon approval of design by Owner and any necessary Agency approvals.  Although, the Owner understands that upon approval of the

---

[2] Plaintiff recognizes that "[m]any of the issues addressed [in the instant motion] are likewise addressed in [d]efendant Avalon's [] [m]otion for [s]ummary [j]udgment." Mot. at 7.  Accordingly, in some instances, the Court references facts addressed in the prior statement of undisputed facts relating to Avalon's motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

Conceptual Design for this Project, nKLOSURES will be retained by the Owner to serve as a Design Architect and Architect of Record for components of the development that will be determined at a later date.

Id. at 3. Plaintiff acknowledges that Avalon and Morari were not under any obligation to hire plaintiff as the Project architect assuming they did not intend on using plaintiff's plans or work. Dkt. 88 ¶ 31. Plaintiff contends that, because Thakor did not move forward with constructing the project, the Agreement ultimately concluded, including any license granted therein. Dkt. 99 ¶ 10.

### B.  Conditional Use Permits

Development of the Project would require a Conditional Use Permit (CUP) because the property was located within 500 feet of a residentially zoned lot. Agreement at 1. CUPs run with the land and contain transferability provisions requiring the owner of the CUP to disclose the terms of the CUP, and attached plans, to any future tenant or owner of the land to ensure compliance with the conditions of the CUP. Dkt. 88 ¶ 73. Any subsequent design that is built must be "substantially similar" to the design that the city approved in the CUP. Dkt. 99 ¶¶ 8, 22. The parties dispute whether submission of plans to a government entity for permitting purposes affects the copyright protection for the plans. Id. ¶ 9.

### C.  nKlosure's Drawings/Plans

Pursuant to the terms of the Agreement, plaintiff prepared architectural drawings/plans for the Project's CUP application.[3] Dkt. 99 ¶ 3. Plaintiff subsequently registered the materials with the U.S. Copyright Office on January 18, 2022. Id. ¶ 4.

Thakor paid plaintiff $25,000, plus $15,924 in expenses, to create the plans and drawings for the Project. Dkt. 88 ¶ 32.

---

[3] The parties dispute whether plaintiff's plans and drawings are copyrightable. Dkt. 99 ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

In 2015, RSP Southwest Investments LLC (RSP) ultimately submitted a CUP application for the Project which included the plans/drawings that plaintiff had prepared.[4] Dkt. 88 ¶ 4; Dkt. 99 ¶ 6. The City of Los Angeles subsequently issued a CUP which included portions of plaintiff's plans/drawings as attachments. Id. ¶ 7.

### D.      Sale of the Project to Avalon

On or about June 5, 2015, plaintiff learned that RSP had sold the Project to Avalon and Avalon's principal, Bipin Morari.[5] Dkt. 88 ¶ 37. Plaintiff did not expressly authorize Thakor to transfer his license to Avalon. Dkt. 99 ¶ 11. The parties dispute whether plaintiff granted Thakor an implied nonexclusive license that was subsequently transferred to Avalon. Id. ¶ 12.

Avalon expressed interest in the plaintiff's plans/drawings. Id. ¶ 13. Plaintiff and Avalon communicated regarding the possibility of plaintiff being retained as the architect on the Project during construction. Id. ¶ 14. Plaintiff additionally provided a written proposal to Avalon which would permit the use of plaintiff's drawings/plans in exchange for a certain amount in payment. Dkt. 88 ¶ 39; dkt. 99 ¶ 14. Ultimately, Avalon did not accept plaintiff's proposal. Id. ¶ 15. Plaintiff last had contact with Avalon around June 2015. Id.

### E.      Design and Construction of Best Western Project

Avalon subsequently hired W&W for the next stage of development on the Project, which would ultimately become a completed hotel named BW Premier NOHO Inn (the "Best Western Project" or "Best Western Hotel"). FAC ¶ 21; dkt. 99 ¶ 16. Plaintiff alleges that defendants used plaintiff's drawings and plans to create a set of drawings and designs that were "almost exactly the same" as plaintiff's. FAC ¶ 21.

---

[4] Defendant contends that plaintiff allowed Thakor to transfer his license to RSP without any writing. Dkt. 99 ¶ 11.

[5] Plaintiff notes that, while it was aware Thakor had sold the property to Morari in 2015, it did not know Morari was buying on behalf of Avalon at that time. Dkt. 88 ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

Plaintiff was allegedly unaware of the continued work on the Project until 2020. Between 2012 and 2018, plaintiff worked on four unrelated projects in Los Angeles County. Dkt. 88 ¶ 55. Three of these projects were located in Hollywood, and one was located in Santa Clarita. Id.

In November 2017, W&W submitted a CUP application with plaintiff's original plans/drawings as well as W&W's own plans and drawings.[6] Id. ¶¶ 64, 78.

### F. Discovery of Alleged Infringement

In June 2020, plaintiff allegedly learned about the Best Western Hotel for the first time from an advertisement. Dkt. 88 ¶¶ 46, 47, 51. It subsequently looked up W&W's plans on the City Planning Department's online portal by searching for, and finding, W&W's November 2017 CUP application. Id. ¶ 47.

Plaintiff now argues that Avalon and/or W&W infringed plaintiff's copyright on its designs and drawings by willfully copying the materials on at least six occasions. Id. ¶¶ 7-8. In particular, plaintiff argues that: (1) Morari copied plaintiff's copyrighted materials and sent a copy to W&W; (2) W&W sent plaintiff's copyrighted work to its vendors, employees, and hotel brand; (3) defendants utilized plaintiff's copyrighted materials to create a derivative design; (4) defendants filed a copy of plaintiff's copyrighted materials with the city as part of its permit application; (5) defendants used plaintiff's copyrighted materials to advertise the building; and (6) defendants built a building with a derivative design. Dkt. 99 ¶ 17, 18, 20, 21, 26, 28, 29, 30.

### G. Comparison of nKlosures' and W&W's Plans/Drawings

The parties dispute whether defendants used plaintiff's plans and drawings to create the Best Western Project and whether the plans are substantially similar. Dkt. 99 ¶¶ 25-26, 32. Plaintiff argues that the exterior of the hotel is overwhelmingly identical to plaintiff's plans/drawings. Id. ¶ 31. In response, defendants argue that the plans are different with respect to the presence of external windows, the color of the exterior

---

[6] Plaintiff has not noted whether it disputes that W&W's CUP application included plaintiff's plans/drawings. Id. ¶ 64.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

stucco, and the color of the exterior paint. Id. They further contend that plaintiff has admitted to at least 75 differences between the two plans. Id. ¶ 32.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

## IV.  DISCUSSION

Plaintiff argues that it is entitled to summary judgment on the following issues: (1) whether plaintiff has a valid copyright in its plans/drawings; (2) whether defendant had a license to copy or use any portion of the plans/drawings; (3) whether Avalon infringed plaintiff's copyright by copying and sending a copy of the plans/drawings to W&W; (4) whether defendants infringed on plaintiff's copyright by providing copies of the plans/drawings to third parties; (5) whether defendants infringed plaintiff's copyright by copying and using the plans/drawings during the defendants' design process; (6) whether defendants infringed plaintiff's copyright by copying plaintiff's plans/drawings and including them in their CUP application to the City of Los Angeles; (7) whether defendants infringed plaintiff's copyright by copying and using plaintiff's plans/drawings to advertise the hotel; and (8) whether defendants infringed plaintiff's copyright in the exterior design for the hotel by copying or creating a derivative work.

In the Court's order denying defendants' motion for summary judgment, the Court found that there are genuine disputes of material fact as to (1) whether plaintiff granted Thakor an implied nonexclusive license; (2) whether plaintiff's drawings/plans are protected by copyright; and (3) whether defendants copied plaintiff's plans/drawings. Dkt. 104 at 13-14, 18.  Thus, it appears that the Court has already ruled on the various issues raised in plaintiff's motion.[7]  Accordingly, the Court **DENIES** plaintiff's motion for partial summary judgment.

---

[7] On the issue of copying, the Court specifically found that "a jury could [] reasonably compare [plaintiff's drawings/plans to W&W's] and find that W&W copied plaintiff's plans based on similarities between the two." Id.  In the instant motion, plaintiff also argue that defendants committed copyright infringement by copying and sending the plans to W&W, copying and sending the plans to third parties, copying and including the plans in W&W's CUP application, and copying and using the plans to advertise the hotel. However, as plaintiff acknowledges, "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Mot. at 11 (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).  Here, the Court has found that there is a genuine dispute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

|  |  | 00 |  | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

material facts as to whether plaintiff owns a valid copyright. Accordingly, plaintiff is not entitled to summary judgment on its various claims of infringement.