UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS W&W, TOM LAU, AND WINSTON LIU'S MOTION FOR SUMMARY JUDGMENT (Dkt. 93, filed on July 22, 2024)

## I. INTRODUCTION

Presently before the Court is defendants W&W Land Design Consultants, Tom Lau, and Winston Liu's motion for summary judgment. Dkt. 93. The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission, and the August 26, 2024 hearing date is vacated.

On July 16, 2020, plaintiff nKlosures, Inc. Architects fka nKlosures, Inc. ("nKlosures") filed an action against defendants Avalon Lodging, LLC ("Avalon"), Best Western International, Inc., Bipin Morari ("Morari"), W&W Land Design Consultants, Inc. ("W&W"), Winston Liu, P.E. ("Liu"), Tom Lau, AIA ("Lau") (collectively, "defendants"), and Does 1 through 20, inclusive, in Los Angeles Superior Court ("L.A.S.C." or "Superior Court"). Dkt. 71-2. On March 24, 2022, plaintiff voluntarily dismissed the action without prejudice. Dkt. 71-9.

On March 25, 2022, plaintiff filed the instant action against defendants Avalon, Morari, W&W, Liu, Lau, and Does 1 through 10, in federal court. Dkt. 1.

On August 29, 2022, plaintiff filed a first amended complaint (the "FAC"). Dkt. 39. nKlosures asserted three claims for relief against all defendants: (1) copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL            'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

infringement pursuant to 17 U.S.C. § 501; (2) breach of contract; and (3) unfair business practices pursuant to California Business & Professions Code § 17200 ("UCL"). Id.

On September 8, 2022, Avalon and Morari filed a motion to dismiss the FAC. Dkt. 41. On November 17, 2022, the Honorable Ronald S.W. Lew, United States District Judge, granted in part and denied in part Avalon and Morari's motion to dismiss and dismissed nKlosures' UCL claim without leave to amend.[1] Dkt. 51.

On February 23, 2024, Avalon and Morari filed a motion for judgment on the pleadings or partial judgment on the pleadings under Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B). Dkt. 70. On March 25, 2024, the Court dismissed plaintiff's request for statutory damages and attorneys' fees in connection with its copyright infringement claim but denied the motion for judgment on the pleadings in all other respects. Dkt. 75.

On May 6, 2024, the parties stipulated to dismiss plaintiff's cause of action for breach of contract and to dismiss defendant Morari from the action. Dkts. 76, 77. Thus, plaintiff's sole remaining claim is for copyright infringement against defendants Avalon, W&W, Liu, Lau, and Does 1 through 10.

On July 8, 2024, Avalon filed a motion for summary judgment. Dkt. 78. On July 22, 2024, W&W, Lau, and Liu filed a joinder to Avalon's motion for summary judgment. Dkt. 95. On July 22, 2024, plaintiff filed a motion for partial summary judgment. Dkt. 93.

On the same day, W&W, Liu, and Lau (collectively, the "Moving Defendants") filed the instant motion for summary judgment. Dkt. 93 ("Mot."). They concurrently filed a statement of uncontroverted material facts. Dkt. 93-2. Also on the same day, the Court denied Avalon's motion for summary judgment. Dkt. 104.

On August 7, 2024, the Court denied plaintiff's motion for partial summary judgment. Dkt. 106.

---

[1] On June 8, 2023, this case was reassigned to this Court following the passing of Judge Lew. Dkt. 62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

On August 8, 2024, plaintiff filed an opposition to the Moving Defendants' motion for summary judgment. Dkt. 107 ("Opp."). On August 15, 2024, the Moving Defendants filed a reply. Dkt. 108 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[2]

### A.  The Agreement

On or about May 25, 2014, plaintiff nKlosures, through its principal Nikhil Kamat, entered into a contract (the "Agreement") with Thakor Patel ("Thakor") to provide architectural design services for a new hotel to be built at 11135 and 11139-11145 W. Burbank Blvd. in Los Angeles, California (the "Project"). Dkt. 88 ¶ 1; dkt. 99 ¶¶ 1-2; dkt. 107-1 ¶¶ 1, 3. Thakor hired plaintiff to perform four phases of work for the Project: (1) initial studies; (2) site planning and preliminary design; (3) final conceptual design; and (4) consulting services. Dkt. 80-1 ("Agreement") at 2.

The Agreement provides that:

> nKLOSURES is, at all times, the author, owner and copyright holder of all drawings, models, specifications, and other documents, including those in electronic form, prepared by nKLOSURES for this Project (collectively "Design Materials"), which are Instruments of nKLOSURES' services. nKLOSURES grants the Owner a license to use the Design Materials for the limited purpose of this Project only. nKLOSURES may elect, if it does not receive full and timely

---

[2] The parties have submitted two prior statements of undisputed facts relating to Avalon's motion for summary judgment and plaintiff's motion for partial summary judgment. Given that the parties have taken these positions for the purposes of these motions for summary judgment, the Court sometimes references portions of the prior statements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

payment of its invoices, to terminate this Agreement and/or revoke the Owner's license to use the Design Materials until payment is made in full to nKLOSURES.

Id. at 5. The Agreement further provides that:

The Scope of Work for the future phase of the project is not included as part of this Agreement and is dependent upon approval of design by Owner and any necessary Agency approvals. Although, the Owner understands that upon approval of the Conceptual Design for this Project, nKLOSURES will be retained by the Owner to serve as a Design Architect and Architect of Record for components of the development that will be determined at a later date.

Id. at 3.

### B. Conditional Use Permits

Development of the Project would require a Conditional Use Permit (CUP) because the property was located within 500 feet of a residentially zoned lot. Agreement at 1. CUPs run with the land and contain transferability provisions requiring the owner of the CUP to disclose the terms of the CUP, and attached plans, to any future tenant or owner of the land to ensure compliance with the conditions of the CUP. Dkt. 88 ¶ 73. Any subsequent design that is built must be "substantially similar" to the design that the city approved in the CUP. Dkt. 99 ¶¶ 8, 22.

### C. nKlosure's Drawings/Plans

Pursuant to the terms of the Agreement, plaintiff prepared architectural drawings/plans for the Project's CUP application.[3] Dkt. 107-1 ¶ 4. Thakor paid plaintiff $25,000, plus $15,924 in expenses, to create the plans and drawings for the Project. Dkt. 88 ¶ 32.

---

[3] The parties dispute whether plaintiff's plans and drawings complied with the CUP conditions, building code, and planning code. Dkt. 107-1 ¶¶ 114-16, 128. The parties also dispute whether plaintiff's plans and drawings are protectable under the Copyright Act. Id. ¶ 137.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

In 2015, RSP Southwest Investments LLC (RSP) ultimately submitted a CUP application for the Project which included the plans/drawings that plaintiff had prepared. Dkt. 88 ¶ 4; Dkt. 99 ¶ 6; Dkt. 107-1 ¶ 129. The City of Los Angeles subsequently issued a CUP which included portions of plaintiff's plans/drawings as attachments. Id. ¶ 7.

### D.  Sale of the Project to Avalon

On or about June 5, 2015, plaintiff learned that RSP had sold the Project to Avalon and Avalon's principal, Bipin Morari.[4] Dkt. 88 ¶ 37. Plaintiff did not expressly authorize Thakor to transfer his license to Avalon. Dkt. 99 ¶ 11.

In June 2015, Kamat contacted Morari and provided a proposal whereby plaintiff would proceed as the architect on the Project during construction. Dkt. 107-1 ¶¶ 6-7. Ultimately, Avalon did not sign plaintiff's proposal. Id. ¶ 9.

### E.  Design and Construction of Best Western Project

Avalon subsequently consulted W&W for the next stage of development on the Project, which would ultimately become a completed hotel named BW Premier NOHO Inn (the "Best Western Project" or "Best Western Hotel"). Dkt. 107-1 ¶ 9; FAC ¶ 21. W&W's Senior Vice President and Architect Tom Lau, who managed W&W's projects, created an initial hand drawing for the Best Western Project. Dkt. 107-1 ¶¶ 9, 17. The Moving Defendants allege that W&W referenced plaintiff's plans and drawings, which were attached to the CUP, to understand the CUP requirements that W&W would have to comply with. Id. ¶ 10. Plaintiff alleges that defendants used plaintiff's drawings and plans to create a set of drawings and designs that were "almost exactly the same" as plaintiff's. Id.; FAC ¶ 21.

In July 2020, Liu (on behalf of W&W) entered into a formal contract with Avalon for W&W to provide architectural and design services for the Best Western Project. Dkt. 107-1 ¶ 11. The contract provided for services for "Basic Construction Working Drawing Phase" in addition to "Final Civil Engineering Design Phase." Id. ¶ 15.

---

[4] Plaintiff notes that, while it was aware Thakor had sold the property to Morari in 2015, it did not know Morari was buying on behalf of Avalon at that time. Dkt. 88 ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

During this time, Lau was responsible for creating plans and drawings for W&W projects, including residential, commercial, mixed use, and planning projects. Id. ¶ 18. Apart from his regular salary, Lau did not receive any additional compensation from W&W for providing architectural and design services for the Best Western Project. Id. ¶ 19. Lau is currently in the process of becoming a partner of W&W. Id. ¶ 118. During this same period, defendant Liu served as the owner, founder, and president of W&W. Id. ¶ 21.

To prepare its design and drawings, W&W ordered and used a new civil site survey and had to make changes from the approved CUP to comply with Best Western's property improvement program ("P.I.P"). Id. ¶¶ 24-26. W&W alleges that, because it obtained approval for a rooftop, its drawings and plans had a different footprint and length. Id. ¶¶ 30.-31. Plaintiff disputes this claim and argues that changing the height of a building does not change its footprint and asserts that the plans show dramatic similarities between the two buildings. Id.

Plaintiff was allegedly unaware of the continued work on the Project until 2020. Between 2012 and 2018, plaintiff worked on four unrelated projects in Los Angeles County. Dkt. 88 ¶ 55; Dkt. 107-1 ¶¶ 134-36.

In November 2017, W&W submitted a CUP application with plaintiff's original plans/drawings as well as W&W's own plans and drawings.[5] Id. ¶¶ 64, 78.

### F. Discovery of Alleged Infringement

In June 2020, plaintiff allegedly learned about the Best Western Hotel for the first time from an advertisement. Dkt. 88 ¶¶ 46, 47, 51. It subsequently looked up W&W's plans on the City Planning Department's online portal by searching for, and finding, W&W's November 2017 CUP application. Id. ¶ 47.

Plaintiff now argues that Avalon and/or W&W infringed plaintiff's copyright on its designs and drawings by willfully copying the materials on at least six occasions. Id. ¶¶ 7-8. In particular, plaintiff argues that: (1) Morari copied plaintiff's copyrighted materials and sent a copy to W&W; (2) W&W sent plaintiff's copyrighted work to its

---

[5] Plaintiff has not noted whether it disputes that W&W's CUP application included plaintiff's plans/drawings. Id. ¶ 64.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

vendors, employees, and hotel brand; (3) defendants utilized plaintiff's copyrighted materials to create a derivative design; (4) defendants filed a copy of plaintiff's copyrighted materials with the city as part of its permit application; (5) defendants used plaintiff's copyrighted materials to advertise the building; and (6) defendants built a building with a derivative design. Dkt. 99 ¶ 17, 18, 20, 21, 26, 28, 29, 30.

### G.    Comparison of nKlosures' and W&W's Plans/Drawings

The parties dispute whether defendants used plaintiff's plans and drawings to create the Best Western Project and whether the plans are substantially similar. Dkt. 99 ¶¶ 25-26, 32. It is undisputed that the plans differ with respect to various different elements. Dkt. 107-1 ¶¶ 30-113. Defendant's expert architect, William A. Jackson, has opined that "there are 93 differences between the two sets of drawings, including completely different dimensions on each floor, different amenities, a full-service hotel with a full kitchen, and unisex versus[] [s]eparate sex restrooms." Id. ¶ 125.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

The Moving Defendants argue that they are entitled to summary judgment on the following issues: (1) whether W&W independently created its plans and drawings and whether the plans and drawings are substantially similar to those created by plaintiff; and (2) whether plaintiff has established a basis for individual liability against Lau and Liu. The Court addresses each issue in turn.

### A. Substantial Similarity of the Plans

The Moving Defendants argue that they have additional evidence "not addressed in the prior [m]otions for [s]ummary [j]udgment, particularly the opinion of [their] expert witness regarding the differences between the plans." Reply at 5. They also argue that the evidence shows that W&W independently created its plans. Mot. at 13-14.

The Court has already ruled on these issues in its prior orders. In the Court's order denying defendants' motion for summary judgment, the Court found that there is a genuine dispute of material fact as to whether defendants copied plaintiff's plans/drawings. Dkt. 104 at 13-14, 18. It specifically found that, "while there are certainly differences between W&W's plans and plaintiff's plans, a jury could still reasonably compare the two sets of drawings/plans and find that W&W copied plaintiff's plans based on similarities between the two." Id. at 18. The Court finds that, at this juncture, the expert's opinion does not provide a sufficient basis for the Court to rule on the similarity of the two sets of plans. Additionally, it is premature for the Court to rule on the question of independent creation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

### B. Individual Liability

The Moving Defendants argue that plaintiff has failed to establish a basis for individual liability against Lau and Liu (the "Individual Defendants"). They specifically contend that there is no basis for alter ego liability against either of the Individual Defendants. Mot. at 11. They note that "Lau and Liu did not commingle W&W's funds or treat W&W's assets as their own" and have not "receive[d] any compensation from W&W to design the architectural plans and drawings other than [their] ordinary salar[ies]." Id. The Moving Defendants also assert that W&W clearly followed corporate formalities. Id. at 12. By extension, to the extent the Individual Documents prepared any plans/drawings or signed any documents, they did so "on behalf of W&W and not in an individual capacity." Id.

In opposition, plaintiff clarifies that it is proceeding on a theory of direct liability rather than alter ego liability. Opp. at 4. It contends that "[a] corporate officer may be liable for direct infringement if the officer personally infringes the copyrighted work by personally engaging in any []exclusive rights." Id. (quoting Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., No. CV 05-2200 MMM (MCX), 2008 WL 11334030, at *27 (C.D. Cal. Mar. 17, 2008)). Additionally, "a corporate officer[] who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement." Id. Here, plaintiff alleges that the Individual Defendants are "personally on the emails sending [p]laintiff's [c]opyrigted [w]orks to third parties, the submission to the City bears Liu's personal stamp as Civil Engineer responsible for the plans and their submittal, [and] both met with Avalon and were in charge of the hotel project." Id.

In reply, the Moving Defendants argue that Liu and Lau "were at all times acting as the CEO and Vice President of W&W when meeting with Avalon and when managing the hotel project." Reply at 3-4. They specify that the Individual Defendants used their W&W emails when communicating about the Best Western Project. Id. at 4. To the extent that the plans and drawings bear Liu's stamp, it is "clear that the plans and drawings [were] submitted on behalf of W&W" given that W&W's corporate stamp also appears in the corner of each plan and drawing. Id.

"A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00459-CAS (JDEx) | Date | August 22, 2024 |
| Title | NKLOSURES, INC. ARCHITECTS V. AVALON LODGING, LLC ET AL | | |

agent of the corporation and not on his own behalf." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir.1985) (internal quotation marks omitted). The Ninth Circuit has also noted that "[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, . . . or the 'central figure' in the challenged corporate activity." Davis v. Metro Prods., Inc., 885 F.2d 515, 524 n.10 (9th Cir. 1989) (internal citations omitted). Courts have applied these principles in copyright cases. See, e.g., Bangkok Broad. & T.V. Co. v. IPTV Corp., 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010) (finding that, because an officer was "a 'guiding spirit' behind [a company's] activities, including [the company's] alleged copyright infringement, the uncontroverted evidence establishes that he is liable for copyright infringement"); Digby Adler Grp. LLC v. Image Rent a Car, Inc., 79 F. Supp. 3d 1095, 1105 (N.D. Cal. 2015) (finding an officer liable on a copyright infringement claim at the motion for summary judgment stage).

The Court finds that it would be premature to dismiss the copyright infringement claim against the Individual Defendants at this juncture. It appears that, during the relevant period, Liu and Lau served as CEO and Vice President of W&W, respectively. Both were involved to varying degrees in the Best Western Project and the creation of the alleged infringing drawings and plans. The issue of whether the Individual Defendants were "guiding spirits" of W&W is best resolved by a jury.

Accordingly, the Court **DENIES** the Moving Defendants' motion for summary judgment.

### V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** the Moving Defendants' motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |